1
2
3
4
5
6
7

8                    UNITED STATES DISTRICT COURT
9           CENTRAL DISTRICT OF CALIFORNIA—WESTERN DIVISION
10

| | |
|---|---|
| PROFESSIONAL SECURITY CONSULTANTS, INC., a California corporation,<br><br>Plaintiffs,<br><br>vs.<br><br>UNITED STATES FIRE INSURANCE COMPANY, a Delaware corporation,<br><br>Defendants. | Case No.: 10-CV-04588-SJO (SSx)<br><br>Action Filed:  June 22, 2010<br>Trial Date:    August 30, 2011<br><br>~~(PROPOSED)~~ PROTECTIVE ORDER<br>**DISCOVERY DOCUMENT:**<br>*Referred to Magistrate*<br>*Judge Suzanne H. Segal*<br><br>[Filed Concurrently With:<br> -  (Proposed) Protective Order] |

Case No.: 10-CV-04588-SJO (SSx)

# ORDER

1. Based on the joint stipulation of Plaintiff Professional Security Consultants, Inc. ("PSC") and Defendant United States Fire Insurance Company ("U.S. Fire") (collectively the "Parties") and for good cause shown, the Court enters the following ORDER for the protection of material in this action.

## GOOD CAUSE STATEMENT

2. California Civil Code §§ 3426 et seq. define and protect certain trade secrets, and Fed.R.Civ.P. 26(c) authorizes the Court to limit the disclosure of trade secret and other confidential information pursuant to a protective order.

3. As part of their initial disclosures and throughout discovery in this action, the Parties expect to produce certain documents that will contain confidential attorney-client communications, attorney work product, proprietary data, trade secrets, confidential research and development data and/or other commercially sensitive information (hereafter "Confidential Documents"). Specifically, the Parties anticipate producing the following Confidential Documents:

a) PSC's defense attorney fee statements in the underlying civil action called *Afaan Afzal, et al. v Professional Security Consultants, et al.*, Los Angeles County Superior Court Case No. BC324373 (the "Underlying Action");

b) PSC's confidential accounting and financial records;

c) U.S. Fire's insurance underwriting file;

    d) U.S. Fire's insurance claim file; and

    e) U.S. Fire's pertinent insurance claim manual and guidelines.

  4. PSC's defense attorney fee statements in the Underlying Action contain confidential descriptions of the tasks undertaken by its defense attorneys, including their strategies for the defense. PSC's accounting records also contain confidential descriptions of PSC's financial information. PSC has taken all reasonable precautions to protect the confidentiality of these documents. PSC would be severely prejudiced if their defense attorneys' strategies and opinions are disclosed from the Underlying Action.

  5. U.S. Fire's insurance underwriting file contains confidential underwriting criteria and premium rating information and data. U.S. Fire has taken all reasonable precautions to protect the confidentiality of these documents, information and data. U.S. Fire would be severely prejudiced if this information were to be disclosed to its competitors.

  6. U.S. Fire's insurance claim file contains confidential communications with its counsel regarding the Underlying Action. U.S. Fire has taken all reasonable precautions to protect the confidentiality of these documents. U.S. Fire and Plaintiffs/Counter-Defendants would be severely prejudiced in the Underling Action if these confidential communications are disclosed to the attorneys for Taxpayers Watch.

  7. U.S. Fire's pertinent insurance claims manual and guidelines contain its proprietary practices and procedures for investigating, evaluating and handling claims. U.S. Fire has taken all reasonable precautions to protect the confidentiality

of these documents, information and data. U.S. Fire would be severely prejudiced if this information were to be disclosed to its competitors.

8. The Parties wish to protect the confidential and privileged nature of these Confidential Documents and their content pursuant to this stipulation and Order. Accordingly, the Parties stipulate to an Order on the following terms and conditions.

## **STIPULATION**

9. The Parties agree to produce Confidential Documents for examination and inspection in this action pursuant to this stipulation and Order. These documents shall be marked or stamped "Confidential."

10. The Parties shall limit the use and dissemination of all Confidential Documents pursuant to this stipulation and Order, and only for the purpose of litigating this action, and for no other purpose.

11. The production of any Confidential Document pursuant to this stipulation and Order is not intended to be a waiver by any party of any objections or privileges that might apply to the use of the Confidential Document in any proceeding or for any purpose.

12. Under no circumstances, other than those specifically enumerated in this stipulation and Order, or in a subsequent order of the Court, shall any party or person obtaining a Confidential Document disclose, provide, share, describe, comment on or disseminate a Confidential Document or its contents to persons other than the following:

    a) the Court, pursuant to paragraph 15 of this Order;

    b) counsel of record for a party to this action (including the paralegal, clerical and secretarial staff employed by such counsel); and

    c) "Qualified Persons" designated below:

        (i) a party or an officer, director or employee of a party deemed necessary by counsel to aid in the prosecution, defense or settlement of this action;

        (ii) experts or consultants (together with their clerical staff) retained by such counsel to assist in the prosecution, defense or settlement of this action;

        (iii) court reporter(s) employed in this action;

        (iv) a witness at any deposition or other proceeding in this action; and

        (v) any other person as to whom the Parties agree in writing.

13. Any Confidential Documents and their contents may be disclosed to and discussed with persons identified in paragraph 12(b)-(c) only after that person is provided a copy of this stipulation and Order, has read and understood the stipulation and Order, and executes a non-disclosure agreement in the form of attachment A hereto. Counsel of record providing the Confidential Document to

any such person shall maintain the written agreement of any such person agreeing to be bound by this stipulation and Order.

14. The persons to whom Confidential Documents are provided shall not make any copies or use any Confidential Document or its contents for any purpose whatsoever, except as permitted in this stipulation and Order.

**15. If any party or counsel of record files or submits a Confidential Document or any confidential portion thereof to the Court, the Confidential Document or any confidential portion thereof shall be accompanied by an application pursuant to Local Rule 79-5 to file the Confidential Documents or any confidential portion thereof under seal. The application shall be directed to the judge to whom the papers are directed. Pending the ruling on the application, the papers or portions thereof subject to the sealing application shall be lodged under seal.**

16. If any party or counsel of record objects to the designation of a Confidential Document as "Confidential" within the meaning of this stipulation and Order, the parties shall resolve their dispute pursuant to Local Rule 37. Until the Court enters an order, if any, regarding the confidentiality of the Confidential Document, the parties shall continue to be protect the Confidential Document pursuant to this stipulation and Order.

17. If any Confidential Document is used in any proceeding in this case, including any deposition, the document shall not lose its confidential status through such use, and the Parties shall take all steps reasonably required to protect the confidentiality of the document during any such use—except that if this matter proceeds to trial, any Confidential Document or any confidential portion thereof that

is filed with the Court will become presumptively public and available to all members of the public, including the press, unless sufficient cause is shown in advance of trial to proceed otherwise.

18.  Nothing in this stipulation and Order shall be interpreted or deemed in any way to affect or establish the admissibility of any Confidential Document in any proceeding. Nothing in this stipulation and Order shall be interpreted or deemed in any way to suggest that the Court itself had made a determination regarding the confidential nature of the information.

19.  Within 60 days of the final termination of this litigation, whether by settlement or by final judgment in a Court of last resort, all Confidential Documents and copies of any Confidential Documents in the possession, custody or control of the Parties, their counsel of record, and any persons provided Confidential Documents pursuant to paragraph 12(b)-(c), shall either be returned to the party producing the Confidential Document or destroyed. All notes, memoranda, summaries or other documents in the possession, custody or control of any such persons referring, describing or relating to Confidential Documents shall be destroyed. Counsel of record shall obtain the return of all Confidential Documents and related documents from persons they provided such documents to pursuant to paragraph 12(b)-(c). Counsel of record must certify in writing within the 60-day period to the Parties producing the Confidential Documents that all Confidential Documents and related documents and all copies have been returned or destroyed.

20.  This stipulation and Order shall survive the final termination of this action unless otherwise agreed by the Parties in writing or ordered by the Court.

21. Nothing in this stipulation and Order shall be deemed a waiver of the attorney-client, work product or any other privilege, or of the right of any of the Parties to oppose production of any information or documents as being outside the scope of discovery authorized by the Federal Rules of Civil Procedure or otherwise.

22. Nothing in this stipulation and Order shall be construed to limit, restrict or otherwise affect the ability of the Parties to seek the production of documents, testimony or any information from any source.

23. The Parties, counsel of record, and persons receiving copies of Confidential Documents shall be bound by the terms and conditions of this Order.

24. A faxed or photocopied signature on this stipulation and Order shall have the same force and effect as an original signature. Each party and counsel of record shall make his or her original signature available to the other promptly upon written request.

**IT IS SO ORDERED:**

Dated: 1/4/11

SUZANNE H. SEGAL

HONORABLE SUZANNE H. SEGAL
Magistrate Judge of the District Court

## ATTACHMENT "A"

## AGREEMENT OF CONFIDENTIALITY

The undersigned acknowledges that he or she has read and is fully apprised of the Protective Order entered on or about November ____, 2010, in that certain litigation entitled *Professional Security Consultants, Inc., a California corporation vs. United States Fire Insurance Company, a Delaware corporation*, USDC Case No. 10-CV-04588 SJO (SSx) and agrees to be bound by the terms thereof, to maintain the confidentiality of materials described therein, to make use of such materials only in connection with said litigation and for no other purpose, and agrees to be subject to the jurisdiction of that Court with respect to compliance with that Protective Order.

Dated: _____        By: _____

Print or Type Name

Print or Type Title (if applicable)

Print or Type Company (if applicable)